UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARSHA LYNN HOFFMAN-VAILE,

    Petitioner

v.                                                               Case No.:  8:10-cv-2223-T-24TGW
                                                                                             8:05-cr-307-T-24TGW

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **O R D E R**

This cause is before the Court upon Petitioner Marsha Lynn Hoffman-Vaile's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255. (Civ. Doc. No. 1.) The Court's initial review of the petition revealed questions regarding the timeliness of the petition. Because the Court lacks jurisdiction to consider an untimely § 2255 petition, the Court must address this issue before proceeding to the merits.

**I.    Background**

This petition stems from Petitioner's convictions on charges of health care fraud, filing false claims, and obstruction of justice. Petitioner was found guilty after a jury trial of 44 counts of health care fraud, in violation of 18 U.S.C. § 1347, 44 counts of filing false claims, in violation of 18 U.S.C. § 287, and one count of obstruction of justice by destruction of records, in violation of 18 U.S.C. § 1519.

On May 31, 2007, Petitioner was sentenced to a total term of imprisonment of 78 months. The judgment was entered against Petitioner on that same day.

Petitioner appealed from the judgment and sentence. The Eleventh Circuit affirmed and

entered its judgment on May 27, 2009.¹  Petitioner did not file a petition for writ of certiorari to the U.S. Supreme Court.  Petitioner is currently incarcerated at FCI Danbury, Connecticut.

**II.     Discussion**

In her petition to vacate the conviction and sentence, Petitioner asserts that her counsel was ineffective during the investigation, trial, and sentencing of her case.  She signed the petition on August 20, 2010, and mailed it to the undersigned at the federal courthouse for the Middle District of Florida, in Tampa, Florida.   The Court, however, did not receive the petition until September 30, 2010, more than a month after it was signed.  The Clerk of the Court filed the petition on that date.

In order to be timely, Petitioner must have filed her petition within one year of the date on which her judgment of conviction became final.  *Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).  When no petition for writ of certiorari is filed, the judgment becomes final when the time for filing the petition expires.  *Clay v. United States*, 537 U.S. 522, 527, 123 S. Ct. 1072, 1076, 155 L. Ed. 2d 88 (2003).  A petition for writ of certiorari must be filed within 90 days of the day the appellate court's judgment was entered. Sup. Ct. R. 13.

Here, the Eleventh Circuit entered judgment on May 27, 2009, and no petition for writ of certiorari was filed, so the judgment became final 90 days later, on August 25, 2009.  The deadline for filing a § 2255 petition was one year later, on August 25, 2010.  28 U.S.C. § 2255(f)(1).  Therefore, if the petition is deemed filed on the date it was signed, it is timely;

---

¹The Eleventh Circuit vacated the forfeiture money judgment entered against Petitioner, and remanded with instructions to correct the forfeiture amount; but the forfeiture money judgment does not affect Petitioner's § 2255 motion.

however, if is deemed filed on the date it was received by the Court, it is untimely.

Under the mailbox rule, a motion to vacate is deemed filed when the prisoner delivers it to the prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date the prisoner signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). To gain the benefit of the mailbox rule, however, the petitioner must comply with Rule 3(d) of the Rules Governing Section 2255 Proceedings. That rule requires a petitioner to use the prison's legal mail system, if one is available. It also requires the petitioner to provide a declaration or notarized statement that sets forth the date the petition was delivered to prison authorities for filing, and states that first-class postage has been prepaid.

It does not appear that Petitioner has complied with this rule. It appears that Petitioner did not use the legal mail system at FCI Danbury, as the envelope she sent the petition in does not contain the "legal mail" stamp used for legal mail by the mailroom at FCI Danbury, and because the mail log does not have any record of Petitioner sending any legal mail to this Court.[2] Furthermore, Petitioner failed to submit the required declaration or notarized statement of the date she delivered the petition for filing, or that postage had been prepaid.

Petitioner may not gain the benefit of the mailbox rule if she did not comply with Rule 3(d), and without this benefit, the petition may be dismissed as untimely. The burden is on Petitioner to prove that her pleading was timely delivered to prison officials for filing. *Allen v. Culliver*, 471 F.3d 1196, 1198-99 (11th Cir. 2006).

Accordingly, Petitioner is directed to file a memorandum to the Court explaining why her

---

[2]The Clerk of the Court is directed to file a copy of the envelope as an attachment to the petition.

petition should not be dismissed as untimely.  In particular, Petitioner must include the date on which she delivered the petition to prison authorities for mailing, whether she used the prison legal mail system, and a statement regarding postage.  Furthermore, if Petitioner contends that she used the legal mail system, she must file with the Court a copy of the prison's mail log that shows the date on which she mailed her petition.

**III.     Conclusion**

It is **ORDERED AND ADJUDGED** that Petitioner is directed to file the requested memorandum and documentation by **December 1, 2010.**  Failure to do so may result in this Court deeming the petition filed on September 30, 2010, the date on which it was received by the Court.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of October, 2010.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Petitioner